| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF BERKELEY | ) | |
| HEATHER SWEAT, Individually & as Assignee of the rights of RAY BUNYON SIMS., JR, (Assignor) Plaintiff(s) | ) ) ) ) ) | CIVIL ACTION COVERSHEET |
| vs. | ) ) | 2008 -CP- 08 - 1501 |
| SOUTHERN UNITED FIRE INSURANCE COMPANY, | ) ) ) | |
| Defendant(s) | ) | |

| (Please Print) Submitted By: Gary A. Ling Address: 3660 W. Montague Ave. N. Charleston, SC 29418 | SC Bar #: 3344 Telephone #: (843) 767-2450 Fax #: (843) 767-3282 Other: E-mail: galingoffice@aol.com |
|---|---|

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] JURY TRIAL demanded in complaint.   [ ] NON-JURY TRIAL demanded in complaint.
[ ] This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
[X] This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

**Contracts**
[ ] Constructions (100)
[ ] Debt Collection (110)
[ ] Employment (120)
[ ] General (130)
[ ] Breach of Contract (140)
[ ] Other (199)

**Torts - Professional Malpractice**
[ ] Dental Malpractice (200)
[ ] Legal Malpractice (210)
[ ] Medical Malpractice (220)
[ ] Other (299)

**Torts – Personal Injury**
[ ] Assault/Slander/Libel (300)
[ ] Conversion (310)
[X] Motor Vehicle Accident (320)
[ ] Premises Liability (330)
[ ] Products Liability (340)
[ ] Personal Injury (350)
[ ] Other (399)
→ BAD FAITH / NEGLIGENCE INSURANCE

**Real Property**
[ ] Claim & Delivery (400)
[ ] Condemnation (410)
[ ] Foreclosure (420)
[ ] Mechanic's Lien (430)
[ ] Partition (440)
[ ] Possession (450)
[ ] Building Code Violation (460)
[ ] Other (499)

**Inmate Petitions**
[ ] PCR (500)
[ ] Sexual Predator (510)
[ ] Mandamus (520)
[ ] Habeas Corpus (530)
[ ] Other (599)

**Judgments/Settlements**
[ ] Death Settlement (700)
[ ] Foreign Judgment (710)
[ ] Magistrate's Judgment (720)
[ ] Minor Settlement (730)
[ ] Transcript Judgment (740)
[ ] Lis Pendens (750)
[ ] Other (799)

**Administrative Law/Relief**
[ ] Reinstate Driver's License (800)
[ ] Judicial Review (810)
[ ] Relief (820)
[ ] Permanent Injunction (830)
[ ] Forfeiture (840)
[ ] Other (899)

**Appeals**
[ ] Arbitration (900)
[ ] Magistrate-Civil (910)
[ ] Magistrate-Criminal (920)
[ ] Municipal (930)
[ ] Probate Court (940)
[ ] SCDOT (950)
[ ] Worker's Comp (960)
[ ] Zoning Board (970)
[ ] Administrative Law Judge (980)
[ ] Public Service Commission (990)
[ ] Employment Security Comm (991)
[ ] Other (999)

**Special/Complex /Other**
[ ] Environmental (600)
[ ] Automobile Arb. (610)
[ ] Medical (620)
[ ] Pharmaceuticals (630)
[ ] Unfair Trade Practices (640)
[ ] Other (699)

Submitting Party Signature: /s/ Gary A. Ling     Date: May 25, 2008

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA./ 234 (5/04)

EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | |
| ) | CASE NO: 2008-CP-08- 1501 |
| HEATHER SWEAT, Individually and as ) | |
| Assignee of the Rights of RAY BUNYON ) | |
| SIMS, JR., (ASSIGNOR) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| SOUTHERN UNITED FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff or her attorney, within thirty (30) days from the date of such service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Complaint.

RIESEN LAW FIRM, L.L.P.

BY: _____

North Charleston, South Carolina

Dated: ~~April~~ May 25, 2008

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | |
| ) | CASE NO: 2008-CP-08- 1501 |
| HEATHER SWEAT, Individually and as ) | |
| Assignee of the Rights of RAY BUNYON ) | |
| SIMS, JR., (ASSIGNOR) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | (Negligent Failure to Settle, and Bad Faith |
| SOUTHERN UNITED FIRE INSURANCE ) | Failure to Settle Insurance, and Breach of |
| COMPANY, ) | Contract) |
| ) | Jury Trial Requested |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, above-named, complaining of the Defendants, above-named, alleges and says:

## I. FOR A FIRST CAUSE OF ACTION
(Negligent Failure to Settle)

(1) That the parties hereto and the subject matter hereof are within the jurisdiction of this Honorable Court and the Tort occurred in the County of Berkeley and in the County of Charleston, State of South Carolina.

(2) That the Plaintiff, Heather Sweat is a citizen and resident of the County of Berkeley, State of South Carolina.

(3) That the Defendant is an insurance company doing business in all Counties in the State of South Carolina.

(4) That at all times material, the Plaintiff, Heather Sweat was injured in an automobile accident between Heather Sweat and Ray Bunyon Sims, Jr. on February 13, 2006. That Heather Sweat suffered serious injuries in the automobile accident and through her attorney submitted a

claim against Ray Bunyon Sims, Jr. to Ray Bunyon Sims, Jr's insurance company, The Defendant Southern United Fire Insurance Company herein after Southern United.

(5)  That the Plaintiff, Heather Sweat is the Assignee of the rights of Ray Bunyon Sims, Jr. to make claim against his insurance company, the Defendant Southern United Fire Insurance Company for negligent failure to settle within the $15,000.00 policy limits of Ray Bunyon Sims, Jr. when ample opportunities were presented on numerous occasions for such a settlement within policy limits.

(6)  That at all times material, Ray Bunyon Sims, Jr. was not informed that there was settlement offers within policy limits made and that his rights were sacrificed so that the Southern United could hope to save money and as a result a jury rendered a verdict on October 16, 2007 in the sum of $65,000.00 which is $50,000.00 more than the policy limits of Ray Bunyon Sims, Jr.

(7)  That at all times material, the rights of Ray Bunyon Sims, Jr. were sacrificed and he sustained a Judgment way in excess of his policy limits that is $50,000.00 in excess of his policy limits as a result of the negligent failure to settle within the $15,000.00 policy range and therefore sustained serious damage.

(8)  That at all times material, Defendant was required by operation of law and by contract to protect the rights of Ray Bunyon Sims, Jr. for whom the Plaintiff is Assignee and that the Defendant had a duty by operation of law and contract to negotiate and investigate using due diligence and to settle within policy limits using due diligence in order to protect the rights of both Ray Bunyon Sims, Jr. of whom Plaintiff is Assignee. Instead Defendant attempted to protect their rights at the expense of Ray Bunyon Sims, Jr.

(9)  That at numerous times between February 13, 2006 and October 16, 2007 the jury

rendered a verdict, offers were made within policy limits and the Defendants rebuffed those settlement offers, choosing instead to risk the assets of their insured, Ray Bunyon Sims, Jr. rather than pay the claimed offer of $15,000.00. That at all time material, Defendants were protecting a minimum policy limit of $15,000.00.

(10) That on or about February 13, 2006 a motor vehicle accident occurred between Ray Bunyon Sims, Jr. and Heather Sweat. That the Defendant acting by and through their adjusters, agents, attorneys and employees were aware while conducting their investigation that heavy damage had occurred to the rear of the Plaintiff's vehicle, Heather Sweat and that the car was totally destroyed in the collision and the injuries were substantial. Defendants were aware that Heather Sweat was a young woman employed as a UPS driver and that the claim was serious.

(11) That all times material, Defendants were aware that Ray Bunyon Sims, Jr. admitted that he caused the collision and the Defendants were aware of a serious criminal record on the part of Ray Bunyon Sims, Jr., a serious traffic violation record and that Ray Bunyon Sims, Jr. did not raise defenses to liability and that he admitted that he had caused the collision.

(12) That as a result, the Defendants at all times material, realized that this case involved a question of damages and that liability issues would not be tenable. That the Plaintiff would be bringing a claim and possibly a case and that the issue would be damages and the amount of damages and not liability. That on February 22, 2006, Southern United was sent notice of claim by the Plaintiff. That on July 13, 2006 the Defendants were sent a demand letter dated July 13, 2006 setting forth prominent medical doctors findings that Heather Sweat had sustained herniated and bulging disks and that these damages to her back were confirmed by MRI. Defendants were also made aware that medical bills at that time exceeded $5,540.59. That a pain pump was needed and

that MRI showed bulging and herniated disks and spasm. That she had lost over $569.25 in wages and would lose more and probably lose her job. The letter sent to Southern United at that time contained an agreement to settle for the lesser of verified policy limits which would have been $15,000.00 or $174,963.84 and damages were itemized in that letter.

(13)    That in addition, verdicts that the Riesen Law Firm and Gary A. Ling had obtained showing dollar recoveries and experience were sent with the demand letter. That medical bills and records were sent and by August 9, 2006 with a follow up note of September 7, 2006 Plaintiff supplemented and indicated to the Defendants that medicals had increased to $13,292.58 with a note that no offers had been made, the demand letter had been ignored and the Defendants had not made an offer. That a note to the August 9, 2006 letter was added on September 7, 2006 reopening the offer to settle for verified policy limits and again the Defendants did not make offers to settle and ignored the claim of the Plaintiff and put Ray Bunyon Sims, Jr. at great risk.

(14)    That on September 12, 2006 the Plaintiff sent a courtesy copy of a Summons and Complaint that was about to be filed to the Defendants again soliciting them to make an offer or to tender their policy limits and no offer was forth coming.

(15)    That on December 14, 2006, a Complaint was filed and on October 18, 2006 Interrogatories were sent to the Defendant through their counsel to respond.

(16)    Interrogatories were not answered for many many months and not within the thirty (30) days. Delay and lack of diligence was practiced.

(17)    That all times material, Ray Bunyon Sims, Jr. was not informed of the status of the offers, his information was not solicited and he was put at risk and proper investigations and decisions with regard to claims was not made and relayed to Plaintiff or to Ray Bunyon Sims, Jr.

- 4 -

Ray Bunyon Sims, Jr. was put at great risk of sustaining a jury verdict way in excess of his policy limits. He was kept in the dark about the status of the case and Defendants maintained full control by actions and by contract against their insured's interest leaving him helpless.

(18) On January 9, 2007, after the Christmas holidays medicals in the sum of $16,359.92 were sent to the Defendant with another offer to settle within policy limits and the Defendants now knew that the medicals alone irrespective of all the other items of damages that could be claimed in such a case exceeded the policy limits of Ray Bunyon Sims, Jr. and Defendant still stubbornly failed to tender their $15,000.00 policy limits. Defendants failed to properly investigate and failed to evaluate using reasonable skill and diligence and refused to make settlement offer putting Ray Bunyon Sims, Jr. at great risk.

(19) That Defendants were given another opportunity to settle by approximately January 15, 2007 to January 30, 2007, one of numerous opportunities to settle within policy limits.

(20) This offer was not accepted and Mr. Sims was seriously jeopardized.

(21) That the Plaintiff by and through their attorney indicated on January 9, 2007 by a note of the following, "the adjuster will have a lot of explaining to do to his insured when a verdict of over $100,000.00 rolls in on this case. You are fairly warned here", signed Gary A. Ling, Attorney.

(22) That Plaintiff seriously warned the Defendants Southern United by and through their agents that a Tiger River claim for negligence and bad faith would be coming and that by failing to tender their policy limits they were placing their Defendant at great risk and the insurance company at risk of having to pay the excess verdict in a suit such as the one this case is about.

(23) That the Defendants had already ample information including an interview that they

conducted on February 15, 2006 wherein the Defendants knew or should have known a serious injury had taken place and liability was a certainty and that injuries would be substantial. That on or about February 16, 2006 the Defendants had taken the statements of Ray Bunyon Sims, Jr. and that Ray Bunyon Sims, Jr. admitted responsibility in this statement. He admitted that it was heavy traffic and that he just did not see vehicles up ahead.

(24) That all times material, up to this point of January 15, 2007 the Defendants knew or should have known that injuries and facts and severity of the impact would result in a verdict far in excess of $15,000.00 the policy limits. On July 17, 2007 additional medical bills were transmitted to the Defendants and by March 28, 2007 the Defendants knew that medicals had risen to $44,538.86, three (3) times the policy limits of their insured Ray Bunyon Sims, Jr. and still the Defendants refused to tender policy limits. These Defendants had already had statement by the Plaintiff and these Defendants had not yet taken the deposition of the Plaintiff when they could have done so many months before. That delay was interposed to wear down the Plaintiff.

(25) That the Plaintiff's deposition was taken on February 1, 2007 but the Defendants refused to proceed because they were attempting to change the venue. This had nothing to do with the facts of the accident and further showed delay, lack of responsibility, negligence, bad faith and disregard for the rights of Plaintiff and Ray Bunyon Sims, Jr.

(26) That the Defendants did not even file an answer until February 12, 2007 having been served with a Complaint on October 11, 2006 and that the Defendants took their time and spent nearly four (4) months filing an Answer that was due thirty (30) days after the service.

(27) That on February 1, 2007, the deposition of Ray Bunyon Sims, Jr. took place. That he admitted fault. That he indicated in this deposition that he had not been informed of offers or

their expiration dates or of offers to settle. He was never told the status of negotiations was and he was never told what the medicals were or that they had already exceeded $16,000.00. He was never told that the medicals had reached a level of $44,000.00. He was never told the status of those offers. In fact, he was never advised of the expiration dates of any of the offers and was led blindly into a $65,000.00 verdict when the case could have been settled and protected him on many numerous occasions. On information and belief he was not advised at times material to obtain independent counsel due to the seriousness of the claim and its potential to exceed $15,000.00.

(28)    That trial was set for October 11, 2007; approximately one year and seven months after the accident itself and long after settlement offers from Plaintiff had expired. An offer of Judgment was not made until two (2) weeks before this trial long after all other offers to settle were expired and at a point in time where the Plaintiff would most probably proceed forward having spent substantial sums of money because of litigation instigated by the Defendants to delay and protect their rights at the expense of Ray Bunyon Sims, Jr., their insured.

(29)    That medical records contained severe pain and pain on the scale of (9) out of a scale from 1 to 10 in February 2006. A diagnosis of cervical sprain, thoracic sprain and lumbar sprain were contained in the medical records. That in May 2006, medical records contained evidence of serious injuries. That the Defendants were made aware that Plaintiff had lost considerable work and ultimately lost her job and that all times material, the Defendants were aware that the Plaintiff may pursue a verdict in excess of policy limits if a Judgment were to exceed that, and offer to settle with policy limits were not timely made.

(30)    There was a possibility even a probability of punitive damages in such a case because of the irresponsible record of the Defendant Ray Bunyon Sims, Jr.

(31)     That the Defendants, at all times material, knew that medical costs, expenses and the extent of damages were continuing to escalate from the date of this accident through 2007 and that it was obvious to any adjuster or agent or employee of the insurance company that a verdict in excess of $15,000.00 was a certainty.

(32)     That the facts available to the Defendants showed a 100% liability and no defenses. They showed serious and substantial injury to a young woman with a good job and that Plaintiff was diligent in supplying the Defendants with updates and additional information and evidence to show that the case was worth way in excess of $15,000.00. That Plaintiff will present Expert testimony by an insurance executive and an insurance attorney that under the circumstances it was unreasonable and negligent and in deed reckless not to make a settlement offer but to wait to eve of trial and there is no rational reason for delay or the non tendering of the policy limits. Plaintiffs will also present testimony that this amounts not only to negligence but to bad faith which authorized punitive damages in this particular case.

(33)     That as a result of the negligence and bad faith and actions of the Defendants Ray Bunyon Sims, Jr. and therefore Heather Sweat as Assignee of the rights of Ray Bunyon Sims, Jr. suffered a $65,000.00 verdict which amounts to $50,000.00 plus interest at the Judgment rate from the date of the Judgment of October 16, 2007 all in excess of the $15,000.00 that Ray Bunyon Sims, Jr. had as coverage. That in addition, damage to Ray Bunyon Sims, Jr. credit occurs. He was forced to go through a trial and his assets and rights were placed at risk recklessly, negligently and in bad faith by the Defendants, that interest has accrued since the Judgment date.

(34)     That the Defendants by and through their employees, adjusters and agents were negligent, reckless, wanton, careless, and grossly negligent at the time and place above mentioned

in the following particulars:

    (A)    In wanton failure to settle within policy limits when numerous opportunities and substantial information was presented;

    (B)    Were negligent in failure to settle within policy limits when numerous opportunities and substantial evidence was presented;

    (C)    In negligently and wantonly failing to accept reasonable offers within policy limits when Defendants knew or should have known that an excess verdict was likely and probable;

    (D)    In negligently and recklessly failing to settle when Defendants knew or should have known that liability was admitted, that there was substantial property damage and that the injuries were very substantial and medicals even at their lowest point justified a verdict in excess of $15,000.00 and that medicals jumped to $16,000.00 and even to $44,000.00 and some dollars;

    (E)    In failure to investigate and act on obtained information;

    (F)    In failure to inform the insured, Ray Bunyon Sims, Jr. of the information obtained and failing to fully advise him of the need to obtain independent counsel;

    (G)    In using delay as a tool to wear down the Plaintiff putting the Defendant at risk;

    (H)    In putting Defendant's interests first and ahead of those of their insured;

    (I)    In excluding Ray Bunyon Sims, Jr. from relevant status of case information such that he did not appreciate the need to obtain independent counsel;

 (J) In taking extensive control of the litigation without consulting the insured and informing him of the status of offers;

 (K) In unreasonably failing to accept offers with policy limits that would have protected their insured and the defendant and in unreasonably exposing their insured to unreasonable risk of excess verdict over policy limits;

 (L) On information and belief in failure to follow and take into consideration advice of Defendant's own defense counsel.

(35) All times material, the actions of the Defendants constituted a failure to exercise ordinary care and good faith in negotiations and handling the case and bringing the case to settlement

(36) All times material, the Defendants delayed in taking the deposition of the Plaintiff and made delays that allowed them to keep the $15,000.00 invested, make profit for themselves at the expense of Plaintiff's Assignor Ray Bunyon Sims, Jr. The Defendant delayed answering the Complaint and participating in discovery.

(37) All times material, the Plaintiff is informed and believes that the Defendants withheld the tender of policy limits in order to attempt to get the Plaintiff to settle for amounts less than their medicals exercising a reckless lack of judgment and bad faith and interposing delay for the purpose of delay and putting their insured at certain and great risk, in violation of insurance industry procedures.

(38) That the actions violated insurance industry standards.

(39) All times material, the Defendants failed to exercise ordinary care, good faith or follow their Tort and contractual duty owed to Plaintiff's Assignor of ordinary diligence and care.

(40) At all times material, the Defendants failed to exercise ordinary diligence resulting in their failures to properly review, evaluate, weigh evidence, collect evidence and make settlement offers consistent with proper insurance practices and proximately caused the damages and injuries to Plaintiff's Assignor, and now to Plaintiff.

(41) All times material, Defendants had an obligation to give ordinary care to settle within policy limits when opportunities were presented, and evidence presented.

(42) That given that liability was admitted by Ray Bunyon Sims, Jr. the Defendants neglected to use ordinary diligence to ascertain the facts, proximate cause, and damages and failed to settle when a reasonably prudent person or business would have done so and not subjected their insured to an excess verdict.

(43) That the Defendants failed to make a proper investigation and ascertain facts and improperly refused to tender policy limits.

(44) That Defendants refusal to settle was not due to honest judgment and the Defendants were negligent in the manner of defending, informing and taking care of the rights of Ray Bunyon Sims, Jr. and not just the selfish rights of the Defendant insurance company.

(45) That Defendants were further negligent, careless, wanton and grossly negligent in failing to conduct a proper investigation and after conducting investigation in failure to make offers that an ordinary and prudent person would have offered to settle within policy limits.

(46) In failure to exercise honest judgment and judgment after ascertaining sufficient facts and weighing the liabilities of Ray Bunyon Sims, Jr. with the insurance company.

(47) In failure to make proper offers, then well knowing that liability was not a contested issue and the damages were increasing dramatically.

(48) In failing to make an honest, intelligent and objective decision with regard to settlement and evaluating offers repeatedly made by the Plaintiff to settle within policy limits.

(48.5) On information and belief, ignoring advice by Defendant's own trial council to tender policy limits and that great risk of excess verdict existed.

(49) In looking out and protecting only the rights of the insurance company without ascertaining or giving weight or credit to the rights of their insured, Ray Bunyon Sims, Jr. and in failure to use good faith in protecting his rights and making an offer within policy limits.

(50) In neglecting issues of severity of impact, bad injuries and lack of liability issue in failing to make a reasonable offer in a reasonable time.

(51) In failure to exercise a degree of skill, judgment and consideration of the welfare of the insured and instead of considering only the welfare of the insurance company and a vein hope that the Plaintiff would settle for less than policy limits, if delayed and forced to trial.

(52) In failure to weigh and ascertain that there was a probability of harm to the insured especially when medicals exceeded the policy limits themselves that there was verdict certainty in excess of $15,000.00 and failure to weigh the probability of harm to their insured.

(53) That as Fiduciary, the Defendants failed to look after the Ray Bunyon Sims, Jr., their insured's interest, inform him of the progress of events and the increasing medicals and that they failed to weigh the insured Plaintiff's Assignor Ray Bunyon Sims, Jr. interest equal to that of the insurance company. That the Defendants did not exercise knowledgeable, honest, and intelligent judgment and evaluation and Defendant's put the interest of the insurance company ahead of the interest of the insured, resulting in a large excess verdict damaging to Ray Bunyon Sims.

(54) In violating numerous provisions of the South Carolina Unfair Claims Act in the

evaluation and handling of this case.

(55) In failure to use the degree of care, caution, honesty, integrity, good faith judgment that a reasonably prudent person and business would have used in the circumstance then and there prevailing all of which were the direct and proximate cause both independently and in combination with the actions of all their employees, agents, and adjusters the damages suffered by Plaintiff's Assignor and by the Plaintiff by assignment and all in violations of the statutes and laws of the State of South Carolina.

## II. FOR A SECOND CAUSE OF ACTION
(Bad Faith, Failure to Settle within Policy Limits)

Plaintiff repeats and realledge each and every allegation of all paragraphs of this Complaint as fully as if set forth herein verbatim. That all paragraphs of this Complaint are included in all Causes of Action.

(56) That in addition to the negligent, wanton and reckless acts of the Defendant pled in other paragraphs of this Complaint, the Defendant exercised bad faith in judgment, investigation, and of evaluation with regard to handling of this claim resulting in damage to Plaintiff's Assignor and by assignment to Plaintiff.

(57) All times material, with regard to this Cause of Action and all Causes of Action this Complaint Defendants also failed to acknowledge with reasonable promptness, pertinent communications and failed to evaluate and make offers. That the Defendants at all times material, failed to adopt and implement reasonable standards in prompt investigation, settlement claims and payment. That all times material, Defendants did not in good faith affect a prompt, fair and

equitable settlement of claims and hazard their insured unreasonably, and on information and belief failed to seriously evaluate legal advice from their own attorney.

(58) That Defendants compelled the Plaintiff, Heather Sweat to unnecessarily institute suit to recover amounts reasonably due and payable when Defendants knew or should have known that the claim would far exceed the policy limits of their insured.

(59) A failure to offer to settle claims for an amount equal to or less than the policy limits when Defendants knew or should have known that the value of the case was far in excess of the policy limits and it is probable that attorneys fees would be incurred, litigation would ensue and that all of this was unnecessary.

(60) The insurance practices pled in this Complaint constituted unreasonable delay in failing to pay and an unreasonable failure to pay or settle claims and causing delays for the sole purpose of keeping money or otherwise pressuring Plaintiff to settle for a sum less than the policy limits then unknowing that great risk was placed upon Defendant's own insured.

(61) The duties of good faith and fair dealing were breached by unreasonable and reckless and negligent failure to pay when facts and evidence were placed in the hands of the Defendants that they knew or should have known that the excess verdict was a certainty.

(62) That the Defendants, at all times material, put profits and the welfare of the insurance company over and above their legal duties to their insured above that of the duties of their insured, by operation of contract and law.

(63) That all times material, with regard to all paragraphs of this Complaint that the Plaintiff's Assignor Ray Bunyon Sims, Jr. paid premiums and had a contract of insurance in full force and affect and the insurance company neglected their duties to their insured resulting in

damage.

(64) With regard to all Causes of Action in all paragraphs of this Complaint in failure to have proper policies and procedures for evaluating claims in effect or if such policies and procedures were in affect in failure to properly follow such policies and their procedures both written, oral or computer based.

### III. FOR A THIRD CAUSE OF ACTION
(Breach of Contract and Fiduciary Duty)

Plaintiff repeats and realledge each and every paragraph of this Complaint as fully incorporated into each and every Cause of Action in this Complaint as if repeated herein verbatim.

(65) That all times material, pursuant to South Carolina statutory laws and pursuant to a contract of insurance and a contract of insurance as modified by South Carolina statutory and case law the Plaintiff Assignor and Southern United Fire Insurance Company were each bound by the terms of an insurance contract.

(66) That this contract contains terms known to the Defendants. Plaintiff at this time does not have a copy of this insurance contract and will obtain such through discovery.

(67) Nevertheless, Plaintiff is informed and believes that such contract of insurance does exist between the Plaintiff Assignor and the Defendant and thereby to the Plaintiff and that the contract of insurance is bound by its terms but as modified by South Carolina statutory and case law.

(68) That Plaintiff is informed and believes that this contract most probably contains a duty to defend and a duty of good faith, a duty of due diligence on the part of the Defendants, a fiduciary duty and right of the Defendant to control the litigation but to permit the participation by the Plaintiff and to consider by the Plaintiff's Assignor and that their insured Plaintiff's Assignor be

permitted to have input.

(69)  That Plaintiff is informed and believes that such contract contains paragraphs with regard to informing and advising the insured a duty to cooperate, a duty to defend, a duty to pay reasonable claims and a duty on the part of the Defendant to investigate and pay claims and indemnify.

(70)  Also by terms of this contract and by operation of South Carolina law, Plaintiff is informed and believes that such contract contains if not specifically, by operation of law a duty to protect the interest of the Plaintiff and not the insured and not just the Defendant. By the right to control litigation, there is a duty not to be negligent, a duty to settle if settlement is reasonable within policy limits and on a timely basis and a duty to assist the insured and not just allow the insured to wait helplessly by while the Defendant determines how the outcome of the case will be handled.

(71)  That the Plaintiff is informed and believes that there is a duty to handle the case reasonably, settle the case if a reasonable sum of money is offered or offer tendered by a Plaintiff in the case and that there was a duty not to subject the Defendant's insured, Plaintiff, and also Plaintiff's Assignor to unreasonable risk to excess judgment.

(72)  Plaintiff is informed and believes by incorporation of all paragraphs of all Causes of Action of this Complaint the actions of the Defendant constituted a breach of this contractual duty. That Plaintiff's Assignor paid the premiums necessary to put the policy in full force and effect and that he had done all he was required to do under the policy and that Defendants failed to follow their fiduciary duties.

(73)   Wherefore, with regard to all Causes of Action contained in this Complaint, Plaintiff is informed and believes that she suffered substantial injuries, that she is entitled to judgment against the Defendant, in a fair, just, and equitable sum of money for actual damages.

(74)   Further, Plaintiff is informed and believes that she is entitled to punitive damages in a substantial amount by virtue of the multiple legal violations on the part of the Defendants above mentioned and their grossly negligent, reckless conduct and bad faith all in an appropriate amount.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in a fair, just, and equitable sum of money, for actual damages and for punitive damages in a sum not to exceed $350,000.00, for the costs of this action and for such other and further relief as the Court and the jury may deem just and proper.

RIESEN LAW FIRM, L.L.P.

BY: _____

**GARY A. LING, P.C.**
ATTORNEY AT LAW
843-760-2450
3660 W. Montague Ave.
N. Charleston, SC 29418

North Charleston, South Carolina
_____25 U_____, 2008.